# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

STATE OF DELAWARE,  :
        Plaintiff,  :
    v.  : Civ. No. 20-1562-CFC
         : Court of Common Pleas of the State
LERON WILLIAMS,  : of Delaware in and for Sussex County
         : Case No. 20-08-013468
        Defendant.  :

---

Leron Williams, Seaford, Delaware, Pro Se Defendant.

**<u>MEMORANDUM OPINION</u>**

July 13, 2021
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

I. **INTRODUCTION**

Defendant Leron Williams ("Defendant") filed a notice of removal of a criminal matter under 28 U.S.C. §§ 87, 1331, 1443(1), and 1446. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b).

II. **BACKGROUND**

A criminal complaint was filed against Defendant on August 27, 2020. (D.I. 2-1 at 2) A warrant for Defendant's arrest was executed on August 28, 2020, and on the same day, the Justice of the Peace Court of the State of Delaware in and for Sussex County[1] commanded Defendant to appear for a preliminary hearing on September 20, 2020 in Case No. 20-08-013475. (*Id.* at 9-11) Defendant was charged with assault 2nd and offensive touching. (*Id.*) The matter was scheduled for trial in the Sussex County Court of Common Pleas for October 27, 2020 in Case No. 20-08-0813468. (D.I. 2-1 at 1) Defendant removed the matter on November 20, 2020. (D.I. 2) He states that he cannot get a fair hearing in State Court and appears to suggest that any state court proceeding against him would be unconstitutional. (D.I. 2 at 1)

III. **LEGAL STANDARDS**

In order for a case to be removable to the district court, the Court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in

---

[1] Plaintiff incorrectly states that the matter is pending in the Family Court of the State of Delaware in and for Sussex County. The exhibits refer to the Court of Common Pleas and the Justice of the Peace Court, not Family Court.

1

federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

## IV. DISCUSSION

Removal of state criminal matters is permitted in limited instances under 28 U.S.C. § 1443. Pursuant to § 1443(1), a criminal prosecution commenced in a State court may be removed to the district court of the United States for the district and division embracing the place wherein it is pending against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. 28 U.S.C. 1443(1). A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel,* 384 at 792 (quoting 28 U.S.C. § 1443(a)). Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the

2

courts of the State. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

Defendant alleges in a conclusory manner that he cannot get a fair trial. There are no assertions that provide a basis for this Court's proposed exercise of subject matter jurisdiction. Nor are there allegations that Defendant cannot enforce his asserted rights in state court. *In re Weddington*, 2008 WL 686381 (E.D. Pa. Mar. 12, 2008); *see also State v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997). The notice of removal simply does not lead to the conclusion that Defendant cannot enforce any asserted rights in state court. Moreover, it is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Johnson,* 421 U.S. at 219-20. Removal is not appropriate and, therefore, the Court will summarily remand this criminal matter.

## V. CONCLUSION

For the above reasons the Court will summarily remand this matter to the Court of Common Pleas in and for the State of Delaware for Sussex County and, in the alternative, to the Justice of the Peace Court of the State of Delaware in and for Sussex County.

An appropriate order will be entered.